IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISON

| | |
|---|---|
| **Trey Neal**,<br>6204 East Orear Rd.<br>Columbia, MO 65202<br>Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>**JPMorgan Chase Bank, N.A.**<br>270 Park Avenue<br>New York, NY 10017<br><br> **Serve:**<br><br> CT Corporation System<br> 120 South Central Ave<br> Clayton, MO 63105<br><br>and,<br><br>**National Collegiate Master Student Loan Trust**<br>C/O Wilmington Trust Company<br>1100 North Market Street<br>Wilmington, DE 19890<br><br>and,<br><br>**National Collegiate Student Loan Trust 2006-3**<br>C/O Wilmington Trust Company<br>1100 North Market Street<br>Wilmington, DE 19890<br><br>and,<br><br>**Wilmington Trust Company**<br>1100 North Market Street<br>Wilmington, DE 19890<br><br>and, | **CLASS ACTION COMPLAINT**<br><br>**Jury Demanded**<br><br><br><br>**CASE NO.** |

**Navient Solutions, LLC**
2001 Edmund Halley Drive
Reston, VA 20191

**Serve:**

CSC-Lawyers Inc. Service Co.
221 Bolivar Street
Jefferson City, MO 65101

        Defendants.

Comes now Plaintiff Trey Neal, individually and as a representative of all others similarly situated, and for his Class Action Complaint against Defendants JPMorgan Chase Bank, N.A. ("Chase"), National Collegiate Student Loan Trust 2006-3 ("2006 Trust"), National Collegiate Master Student Loan Trust ("Master Trust") (together referred to as the "National Trusts"), Wilmington Trust Company, as owner trustee of the National Trusts ("Wilmington"), and Navient Solutions, LLC ("Navient"), states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Trey Neal is and at all times relevant hereto was a resident of Boone County, Missouri.

2. Defendant Chase is a national banking association with headquarters in New York City at the above address. Chase issued two student loans to Plaintiff that are the subject of this action.

3. Defendants 2006 Trust and Master Trust are owner-directed Delaware statutory trust formed under Delaware law with Wilmington as their Owner Trustee, the basic purpose of which is to acquire pools of private student loans. The National Trusts acquired one of the student loans issued to Plaintiff by Chase.

4. Defendant Wilmington is a corporation organized and existing under the law of the State of Delaware and it is the owner trustee of the National Trusts. Wilmington as trustee of the National Trusts is the real party in interest designated to act on behalf of the National Trusts and defend the National Trusts and their assets.

5. Defendant Navient is a limited liability company formed and existing under the law of the State of Delaware with its principle place of business located in Reston, Virginia. Navient, formerly Sallie Mae, purchased the second student loan issued to Plaintiff by Chase.

6. Venue is proper in this Court because many of the acts complained of occurred within the territorial jurisdiction of this Court, Plaintiff suffered damage in this District due to the acts complained of herein, none of the defendants reside in this District, and Plaintiff is a resident of this District.

7. This Court has subject matter jurisdiction over this matter for two reasons: (1) pursuant to 28 U.S. Code § 1332, Plaintiff and all defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) under the Class Action Fairness Act, this court has jurisdiction because the putative class exceeds 100 members, at least one of the members of the proposed class has citizenship different from all defendants, and the amount in controversy exceeds $5 million in the aggregate for the entire class.

### DEFENDANTS' BREACH OF PLAINTIFF'S PRIVATE STUDENT LOAN AGREEMENTS

**The 2006 Student Loan**

8. In August, 2006 Plaintiff applied to Chase for a student loan.

9. At the time Plaintiff applied for the 2006 student loan Chase was headquartered on East Broad Street in Columbus, Ohio.

10. Chase accepted Plaintiff's loan application and agreed to loan Plaintiff $10,000 for educational purposes, pursuant to the terms and conditions set forth in the credit agreement and loan disclosure statement drafted by Chase.

11. The 2006 student loan was a private, variable rate student loan.

12. Among the terms Chase agreed to in connection with the 2006 student loan was the following contractual limit on the variable rate of interest it could charge Plaintiff: "In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio." (The redacted 2006 loan documents, in the form provided by the loan servicer when Plaintiff requested a copy of the documents, are attached as Exhibit 1).

13. At all times relevant to this case the maximum interest rate allowed by the laws of the State of Ohio was 8% per annum. R.C. 1343.01.

14. Chase later sold the 2006 student loan to the National Trusts.

15. Both Chase and the National Trusts, through their loan servicers, imposed on Plaintiff and charged Plaintiff a variable rate of interest that exceeded 8% per annum, in violation of their contractual agreement with Plaintiff.

16. Plaintiff began repaying the 2006 student loan in 2010, and repaid the loan in full March, 2014.

17. Plaintiff paid Chase and the National Trust interest that was greater than the interest permitted to be charged under the terms of the 2006 student loan agreement, and Plaintiff was damaged as a result.

**The 2008 Student Loan**

18. In August, 2008 Plaintiff applied to Chase for another student loan, in the amount of $10,000.

19. At the time Plaintiff applied for the 2008 student loan Chase was headquartered on East Ohio Street in Indianapolis, Indiana.

20. Chase accepted Plaintiff's 2008 loan application and agreed to loan Plaintiff $10,000 for educational purposes, pursuant to the terms and conditions set forth in the credit agreement and loan disclosure statement drafted by Chase.

21. The 2008 student loan was a private, variable rate student loan.

22. Among the terms Chase agreed to in connection with the 2008 student loan was the following contractual limit on the variable rate of interest it could charge Plaintiff: "In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio." (A copy of the Disclosure Statement for the 2008 student loan, in the form provided by the loan servicer, is attached as Exhibit 2).

23. At all times relevant to this case the maximum interest rate allowed by the laws of the State of Ohio was 8% per annum. R.C. 1343.01.

24. Chase later sold the 2008 student loan to the Navient.

25. Both Chase and the Navient, through their loan servicers, imposed on Plaintiff and charged Plaintiff a variable rate of interest that exceeded 8% per annum, in violation of their contractual agreement with Plaintiff.

26. When Plaintiff complained to Navient about the unlawful interest rate that Navient was and still is charging Plaintiff, Navient initially rejected Plaintiff's complaint, claiming that because Chase was located in Indiana at the time it made the 2008 student loan the higher Indiana interest rate limit applied rather than Ohio's. When Plaintiff pointed out the explicit contractual term adopting and incorporating Ohio's interest rate limit, Navient agreed that it was not permitted to charge a variable interest rate that exceeded Ohio's 8% limit. After

5

Case 2:18-cv-04183-NKL    Document 1    Filed 09/07/18    Page 5 of 11

making that concession Navient abruptly changed course again and continued to charge Plaintiff a variable interest rate greater than the maximum permitted under Ohio law.

27. Plaintiff has paid interest on the 2008 student loan at a rate greater than the maximum interest permitted to be charged under the terms of the 2008 student loan agreement, and Plaintiff was damaged as a result.

## CLASS ACTION ALLEGATIONS

28. Plaintiff seeks to represent three subclasses, defined as follows:

   A. All persons who received a private, variable rate student loan originated by Chase, where the credit agreement or other loan document provided that "In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio," and who paid interest to Chase at a rate that exceeded 8% per annum, at any time within the applicable statute of limitations.

   B. All persons who received a private, variable rate student loan originated by Chase and later sold to the National Trusts, where the credit agreement or other loan document provided that "In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio," and who paid interest to the National Trusts at a rate that exceeded 8% per annum, at any time within the applicable statute of limitations.

   C. All persons who received a private, variable rate student loan originated by Chase and later sold to the Navient, where the credit agreement or other loan document provided that "In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio," and who

6
Case 2:18-cv-04183-NKL    Document 1    Filed 09/07/18    Page 6 of 11

paid interest to the Navient at a rate that exceeded 8% per annum, at any time within the applicable statute of limitations.

29. Each subclass is easily identifiable from Defendants' business records and the subclass members can be identified using objective criteria with reasonable effort.

30. Defendant electronic business records and data sources, as well as those of the servicers who are hired by Defendants to service the student loans at issue, are sufficient to efficiently and accurately identify and manage the claims of subclasses.

31. Subclass members can be identified in records maintained by Defendants, and thus can be located and notified with specificity of the pendency of this action by mail, using techniques and a form notice customarily used in class action litigation.

32. The relatively small amounts of damage suffered by each class member make filing separate suits by each class member economically unfeasible.

33. Plaintiff is similarly situated to the members of each subclass, and will fairly and adequately represent all members of the subclasses.

34. Defendants have engaged in the same conduct regarding all of the members of the proposed subclasses

35. The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses and injuries of the member of each subclass, and the claims, defenses and injuries of each subclass member are typical of those of the entire subclass.

36. Plaintiff has no relationship with Defendants other than as an adverse party in this case.

37. Plaintiff's claim is typical of the subclass claims. Common questions of law and fact apply to Plaintiff's claim and the claims of the members of the subclasses. These common questions include:

   a. Whether Defendants are permitted under the terms of the loan documents in question to charge the class members interest in excess of 8% per annum;

   b. Whether defendants charged the class members interest exceeding the maximum interest rate permitted under Ohio law:

   c. The proper measure of breach of contract damages suffered by the class members.

   d. The amount of prejudgment interest to which each subclass member in entitled.

38. Plaintiff's counsel, Garson Johnson LLC and Cook, Vetter, Doerhoff & Landwehr, P.C., are knowledgeable and experienced in class action litigation and will fairly and adequately represent the interest of the proposed subclasses.

39. The questions of law and fact common to members of the proposed subclasses predominate over any questions of law or fact affecting any member of the subclasses and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

40. No unusual difficulties are anticipated in the management of this case as a class action.

41. The prosecution of separate actions by each member of the subclasses would create a substantial risk of inconsistent or varying adjudications with regard to individual members of each subclass that would establish incompatible standards of conduct for Defendants.

42. Each of the proposed subclasses class is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

43. Excluded from the subclasses are: (1) Defendants and their affiliates, officers or directors; (2) members of the judiciary and their staff to whom this action is assigned; and (3) Plaintiff's counsel.

## COUNT I
## BREACH OF CONTRACT
### (On behalf of all subclasses against all Defendants)

44. Plaintiff restates and incorporates by reference all preceding allegations as if fully re-written herein.

45. Each Defendant is a party to a contract with Plaintiff and each subclass member.

46. The contract to which each Defendant agreed prohibited them from charging Plaintiff and each subclass member a variable interest rate in excess of the maximum interest rate permitted under the laws of the State of Ohio.

47. Each Defendant breached its contract with Plaintiff and each subclass member by charging them a variable interest rate exceeding the maximum interest rate permitted under the laws of the State of Ohio.

48. Plaintiff and all putative subclass members satisfied or discharged all conditions precedent to Defendants' obligation under the contract.

49. As a direct and proximate result of Defendants' breach contract, Plaintiff and all subclass members have suffered loss and damage in an amount to be proven at trial, but believed to total in the aggregate in excess of $5 million.

WHEREFORE, Plaintiff Trey Neal, both individually and on behalf of each member of the proposed subclasses, requests that the Court enter judgment granting the following relief against Defendants JPMorgan Chase Bank, N.A., National Collegiate Student Loan Trust 2006-3, National Collegiate Master Student Loan Trust, Wilmington Trust Company, as owner trustee of the National Trusts, and Navient Solutions, LLC

a. Enter an order, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, certifying this action as a class action for the subclass defined as set forth above;

b. Enter an order appointing Garson Johnson LLC and Cook, Vetter, Doerhoff & Landwehr, P.C. as counsel for the plaintiff subclasses, and appointing Plaintiff Trey Neal as the representative Plaintiff for each subclass;

c. Enter judgement in favor of Plaintiff and the plaintiff subclasses for their actual damages, equal to the amount they were overcharged for interest payments by Defendants;

d. Award Plaintiff and the plaintiff subclasses all expenses of this action, and requiring Defendants to pay the costs and expenses of class notice and claim administration, and;

e. Award such other or further relief in law or equity in favor of Plaintiff and the plaintiff subclasses as the Court finds just and proper.

/s/Matthew A. Clement
Matthew A. Clement (#43833)
Timothy W. VanRonzelen (#44382)
**Cook, Vetter, Doerhoff & Landwehr, P.C.**
231 Madison Street
Jefferson City, Missouri 65101
Phone: (573) 635-7977
Email: *MClement@cvdl.net*

*tvanronzelen@cvdl.net*

James A. DeRoche (OH #0055613)
**Garson Johnson LLC**
1600 Midland Building
101 West Prospect Avenue
Cleveland, Ohio 44115
Phone: (216) 696-9330
Email: *jderoche@garson.com*

Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury comprised of the maximum number of jurors allowed by law.

__/s/Matthew A. Clement_____
Matthew A. Clement
**Cook, Vetter, Doerhoff & Landwehr, P.C.**

Counsel for Plaintiff